# EXHIBIT A

Date: 1/9/2014 | **18th Judicial District Court** | User: MBAINUM
Time: 04:10 pm | ROA Report |
Page 1 of 1 | Case: 2013-CV-003863-OT |
| Current Judge: Jeffrey E Goering |

Larry Winfrey vs. Hartford Life And Accident Insurance Company, et al

### Other

| Date | | Judge |
|---|---|---|
| 12/30/2013 | Plaintiff: Winfrey, Larry Attorney of Record Donald N Peterson II | Jeffrey E Goering |
| | Petition | Jeffrey E Goering |
| 12/31/2013 | Summons: Issued on 12/31/2013 on Hartford Life And Accident Insurance Company; Assigned to Attorney. Service Fee of $0.00. atty box | Jeffrey E Goering |
| | Summons: Issued on 12/31/2013 for Group Long Term Disability Plan; Assigned to Attorney. Service Fee of $0.00 | Jeffrey E Goering |
| | Filing: Civil Docket Fee   Paid by: Peterson, Donald N II (attorney for Winfrey, Larry) Receipt number: 1624000 Dated: 12/31/2013 Amount: $178.00 (Check) For: Winfrey, Larry (plaintiff) | Jeffrey E Goering |
| 1/6/2014 | Hearing Scheduled  (Bench Trial (Ch 60) 03/10/2014 09:00 am) | Jeffrey E Goering |

IN THE EIGHTEENTH JUDICIAL DISTRICT
DISTRICT COURT, SEDGWICK COUNTY, KANSAS
CIVIL DEPARTMENT

Larry Winfrey,

                                       Plaintiff,

VS.

Hartford Life and Accident Ins. Co. & Group Long
Term Disability Plan for Employees of Spirit
Aerosystems, Inc.,

                                  Defendants.

**ATTORNEY SERVICE BY CERTIFIED MAIL:**

Hartford Life and Accident Insurance Company
200 Hopmeadow St.
Simsbury, CT 06089

CASE NO. **13CV3863**

PURSUANT TO K.S.A. CHAPTER 60

**SUMMONS**

To the above-named Defendant:

    You are hereby summoned and required to serve upon Sean M. McGivern of Withers, Gough, Pike, Pfaff & Peterson LLC, plaintiff's attorney, whose address is 200 W. Douglas, Suite 1010, Wichita, KS 67202, a pleading to the petition which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so judgment by default will be taken against you for the relief demanded in the petition. Your pleading must also be filed with the court. As provided in subsection (a) of K.S.A. 60-213, and amendments thereto, your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

REASONABLE ACCOMMODATIONS WILL BE PROFIDED IN
ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT.

                                                   Clerk of the District Court of Sedgwick County, Kansas

Dated: **DEC 3 1 2013**     (SEAL)     By: _Jessica Prellin_, Deputy

**RETURN SERVICE OF SUMMONS**

    I hereby certify that I have served the within summons:

[1] **Personal Service.** By delivering on the ____ day of _____, 20____, a copy of the summons and a copy of the petition to each of the within-named defendants _____

[2] **Residence Service.** By leaving on the ____ day of _____, 20____, for each of the within-named defendants _____ a copy of the summons and a copy of the petition at the respective dwelling place or usual place of abode of such defendants with some person of suitable age and discretion residing therein.

[3] **Agent Service.** By delivering on the ____ day of _____, 20____, a copy of the summons and a copy of the petition to each of the following agents authorized by appointment or by law to receive service of process _____

[4] **Residence Service and Mailing.** By leaving a copy of the summons and a copy of the petition at the dwelling house or usual place or abode and mailing by first-class mail to each of the following defendants a notice that such copy has been so left _____

[5] **Certified Mail Service.** I hereby certify that I have served the within summons: (1) By mailing on the ____ day of _____, 20____, a copy of the summons and a copy of the petition in the above action as certified mail return receipt requested to each of the within-named defendants; (2) the name and address on the envelope containing the process mailed as certified mail return receipt requested were as follows _____
By: _____

[6] **Certified Mail Refused.** I hereby certify that on the ____ day of _____, 20____, I mailed a copy of the summons and petition in the above action by first-class mail, postage prepaid to _____
at _____

[7] **No Service.** The following defendants were not found in this county: _____

Dated: _____, 20____

_____ Sheriff
By: _____ Deputy

IN THE EIGHTEENTH JUDICIAL DISTRICT
SEDGWICK COUNTY DISTRICT COURT

FILED
APP DOCKET NO.

| | |
|---|---|
| LARRY WINFREY<br><br>                    Plaintiff,<br>v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, AND<br><br>GROUP LONG TERM DISABILITY PLAN FOR EMPLOYEES OF SPIRIT AEROSYSTEMS, INC.<br><br>                    Defendants. | 2013 DEC 30 P 3:54<br><br>CLERK OF DIST COURT<br>18TH JUDICIAL DISTRICT<br>SEDGWICK COUNTY, KS<br>BY<br><br>CASE NO. 13CV3863<br><br>COPY |

PURSUANT TO K.S.A. CHAPTER 60

## PETITION

The Plaintiff, Larry Winfrey, by and through his attorneys, Sean M. McGivern and Donald N. Peterson, II, of Withers, Gough, Pike, Pfaff & Peterson, LLC, and for his cause of action against the Defendants, Hartford Life and Accident Insurance Company and Group Long Term Disability Plan for Employees of Spirit Aerosystems, Inc., states and alleges as follows:

1.      This is an action to recover benefits under an employee benefit plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

2.      Plaintiff Larry Winfrey is a citizen of the state of Kansas.

3.      Defendant Hartford Life and Accident Insurance Company ("Hartford") is a Connecticut insurance company which, pursuant to the terms of the applicable insurance policy, may be served with process at its statutory office, 200 Hopmeadow St., Simsbury, CT 06089.

4.      Defendant Group Long Term Disability Plan for Employees of Spirit Aerosystems, Inc. (the "Plan") is an employee welfare benefit plan as defined by ERISA § 3(1), 29 U.S.C. § 1002(1).

5.      Hartford is a fiduciary with respect to the Plan.

6.      Winfrey is a participant in the Plan.

7.      Pursuant to ERISA § 502(d)(1), the Plan is a distinct legal entity that may sue and be sued, and may be served through its plan administrator, Spirit Aerosystems, Inc. 3801 S. Oliver, K80-04, Wichita, KS 67278-0008.

8.      Subject matter jurisdiction, personal jurisdiction, and venue are proper in this Court. ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1).

9.      At all relevant times, Winfrey has been insured under a Long-Term Disability ("LTD") insurance policy issued by Hartford, Policy No. GLT-696984.

10.     Winfrey has suffered from uncontrollable back pain and associated radicular neuropathic pain for many years.

11.     The pain has persisted despite numerous attempts at medical intervention including physical therapy, medications, back surgery, external electric stimulation, and implanted neural stimulators.

12.     As a result of Winfrey's medical conditions, he is limited in his ability to focus, think, sit, stand, walk, and work at Spirit Aerosystems as a Product Change Definition Specialist.

13.     Winfrey went on Short-Term Disability ("STD") in September, 2012, and attempted to return to work in January, 2013, for two weeks. However, that was a failed attempt. Winfrey cannot even sit for a half an hour without his legs cramping up and tingling with pain.

He could not work and was forced to go on medical leave which resulted in his separation from employment in 2013.

14. Winfrey submitted a claim for LTD benefits in early 2013.

15. Hartford ordered Winfrey to apply for Social Security disability.

16. The Social Security Administration determined that Winfrey became totally and permanently disabled, and that his disability commenced in the fall of 2012.

17. Hartford, however, determined that Winfrey is not entitled to "own occupation" LTD benefits under the insurance policy.

18. Hartford's determination is inconsistent with its previous determination that Winfrey was entitled to STD benefits.

19. Hartford failed to provide any meaningful analysis or explanation why Winfrey could not be determined disabled under the LTD policy even though Hartford had instructed him to apply for Social Security and even though Winfrey was approved for Social Security at the application phase. This was completely arbitrary.

20. Hartford has a history of biased claims administration.

21. Hartford's dual role conflict of interest tainted its handling of Winfrey's claim.

22. For example, Hartford ordered a psychiatric file review which, by itself, is an unfair and unethical technique rejected by courts. But Winfrey never alleged that any psychiatric issues caused his disability; the cause of Winfrey's disability is back pain and neuropathy.

23. The file reviewers that Hartford retained have a well-known reputation of catering to LTD insurance carriers like Hartford.

24. Hartford's file reviews unfairly and arbitrarily discounted the documented, clear evidence of the pain experienced by Winfrey, as reported by Winfrey's treating physicians.

25. Hartford denial of LTD benefits was wrong, arbitrary, capricious, and not supported by substantial evidence.

26. Winfrey has exhausted all administrative remedies prior to bringing suit.

27. Winfrey is entitled to disability benefits under the insurance policy. Further, Winfrey seeks to enforce his rights to benefits under the policy, and to clarify his rights to future benefits under the policy.

WHEREFORE, Plaintiff Larry Winfrey prays this Court grant judgment in his favor, and against Defendants Hartford Life and Accident Insurance Company and Group Long Term Disability Plan for Employees of Spirit Aerosystems, Inc, and order that Defendants pay disability benefits, costs, interest, attorneys fees, and award other relief that is just and appropriate, pursuant to ERISA § 502.

DATE: December 30, 2013.

Submitted by:

WITHERS, GOUGH, PIKE, PFAFF & PETERSON, LLC
O.W. Garvey Building
200 W. Douglas, Suite 1010
Wichita, KS 67202
316.267.1562 (Telephone)
316.303.1018 (Facsimile)

Donald N. Peterson, II, #13805
Sean M. McGivern, #22932